Allen v. Hartford Accident and Indemnity Co.

VON ALLEN AND WIFE, SAVANNAH F. ALLEN AND JUNE D. ALLEN v. THE HARTFORD ACCIDENT AND INDEMNITY COMPANY

No. 8519SC810

(Filed 4 March 1986)

1. Insurance § 140— windstorm insurance—evidence excluded—no error

In an action under an insurance policy for wind damage to the roof of a building, there was no prejudice in the exclusion of evidence that an unidentified person who represented himself to be some kind of insurance agent looked at the building but made no comment about it because its admission would not have affected the verdict; excluded evidence that another insurance company paid for storm damage done to property not involved in this case had no tendency to show that plaintiffs' property was similarly damaged and that defendant was similarly obligated; and excluded evidence that cars situated in the building during the storm were damaged and that plaintiffs lost rental income as a consequence of the storm was irrelevant to plaintiffs' suit because neither the cars nor the rentals were covered by the insurance policy.

2. Negligence § 30.1— insurance claim for wind damage—negligent failure to repair test holes cut in roof—evidence insufficient

The trial court did not err by directing a verdict against plaintiffs on a negligence claim arising from defendant insurance company's allegedly negligent failure to properly repair test holes cut in plaintiffs' roof where no evidence was presented that plaintiffs were damaged as a consequence.

APPEAL by plaintiffs from *Helms, Judge*. Judgment entered 27 February 1985 in Superior Court, MONTGOMERY County. Heard in the Court of Appeals 6 December 1985.

Plaintiffs assert two claims against defendant—one under an insurance policy for wind damage sustained by their building, the other for negligently damaging the insured building while investigating the claim. At trial both claims were dismissed, the negligence claim by a directed verdict and the insurance claim by judgment after the jury found that plaintiffs' building was not damaged by wind. Plaintiffs' evidence tended to show that their building was in good condition before a violent windstorm rippled and folded back the roof, and that both roof and building were further damaged by a heavy rain which accompanied the wind; that two or three small test holes were cut in the roof at defendant's direction, the holes were not refilled or patched properly, and later rains seeped into the roofing materials, causing the roof to collapse. Defendant's evidence tended to show that for more than a year before the storm the roof was waterlogged, sagging

and in a rotting condition, and that the storm was not nearly as severe as plaintiffs' witnesses claimed.

*Hollers & Atkinson, by Russell J. Hollers, for plaintiff appellants.*

*Tuggle, Duggins, Meschan & Elrod, by Arthur A. Vreeland, for defendant appellee.*

PHILLIPS, Judge.

[1] By four of their five assignments of error plaintiffs contend that in trying the insurance claim the court erred in excluding or refusing to receive evidence that was material to their case. None of these contentions have merit and we overrule them. One bit of evidence not received was that before the policy was issued an unidentified person who represented himself to be some kind of insurance agent looked at the building, but made no comment about it. Even if this evidence tends to show, as plaintiffs contend, that the roof was in good condition, since defendant thereafter insured the building, it does so so slightly and indirectly and with such weak probative force that its admission could not have affected the verdict in our opinion. Another bit of evidence, that another insurance company paid for storm damage done to property not involved in this case, had no tendency to show that plaintiffs' property was similarly damaged and that defendant was similarly obligated. The other evidence excluded—that some cars situated in the building during the storm were damaged and that plaintiffs lost rental income as a consequence of the storm—was irrelevant to plaintiffs' suit as neither the cars nor the rentals were covered by the insurance policy.

[2] Plaintiffs' fifth assignment of error, likewise without merit, is for the court directing a verdict against them on the negligence claim. Assuming *arguendo* that their evidence does tend to show that defendant negligently failed to properly repair the test holes cut in the roof, no evidence was presented that plaintiffs were damaged as a consequence. Though plaintiffs did present testimony that before the storm their building had a fair market value of between $70,000 and $75,000 and that immediately after the storm its value was only $20,000, no evidence was presented as to the value of the building after the roof collapsed. The only other evidence as to costs or values was that after the roof fell it would

have cost $40,000 to remove and replace it; but this evidence was also left dangling and unsupported since plaintiffs failed to show that before the test holes were cut the roof could have been repaired or replaced for less than that. For that matter no evidence was presented that the roof was repairable at any cost before the test holes were cut. Thus, while it can be surmised that plaintiffs suffered some pecuniary damage because the test holes were not properly refilled, no evidence recorded tends to show that that is the case.

No error.

Judges WHICHARD and JOHNSON concur.